# Exhibit 1

D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
J'ON ALEXANDER and JUAN IZQUIERDO, on behalf of themselves and others similarly situated,

        Plaintiffs,

  v.

DRG HOSPITALITY GROUP, INC. d/b/a DELMONICO'S,

        Defendant.
--------------------------------------------------------x

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Defendant DRG Hospitality Group is a New York for-profit Corporation that owns and operates Delmonico's restaurant in downtown Manhattan.

4.      Plaintiff J'on Alexander was employed by Defendant as a server from August 2023 to November 2023.

5.      Plaintiff Juan Izquierdo was employed by Defendant as a server/captain from August 2023 to November 2023.

## FLSA COLLECTIVE ACTION ALLEGATIONS

6.      Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees employed by Defendant at Delmonico's on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

7.      At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully retaining their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

8.      The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

9. Plaintiffs bring the state law wage and hour Claims for Relief (Second, Third, Fourth, Fifth, and Sixth Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all tipped employees employed by Defendant at Delmonico's on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

10. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said F.R.C.P. 23.

11. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

12. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wage, overtime and spread of hours compensation, and illegally retaining tips. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or

wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

13. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

14. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

15. Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

16. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendant employed Plaintiffs and the Class members within the meaning of New York law.

   b) At what common rate, or rates subject to common methods of calculation, were and are Defendant required to pay Plaintiffs and the Class members for their work.

   c) Whether Defendant paid Plaintiffs and the Class members the minimum wage for all hours worked.

   d) Whether Defendant illegally retained portions of Plaintiffs' tips and the Class members' tips.

   e) Whether Defendant paid employees their correct overtime rates for hours worked in excess of 40 hours per workweek.

   f) Whether Defendant illegally distributed Plaintiffs' and the Class members' tips to Defendant's agents and/or non-service employees

g) Whether Defendant paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

h) Whether Defendant provided Plaintiffs and Class members with the proper notices.

### FACTS

17. Plaintiffs' Consent to Sue forms are attached as Exhibit A.

18. Defendant committed the following alleged acts knowingly, intentionally and willfully.

19. Defendant knew that the nonpayment of minimum wage, overtime wages and other wages from the compensation of Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class would economically injure them and violated federal and state laws.

20. Plaintiffs worked for Defendant as servers.

21. Plaintiff Alexander and all other servers were paid pursuant to New York's tip credit minimum wage, which is lower than the full minimum wage. In 2023, the foodservice NY minimum wage was $10, and the full NY minimum wage was $15.

22. Defendant was not entitled to pay servers less than the full minimum wage because Defendant did not give them proper written notice of the minimum wage.

23. Defendant was also not entitled to pay servers pursuant to a tip credit, because they often spent more than 20% of their workdays and/or 2 hours in a workday performing non-tipped work, such as preparing tables and polishing silverware.

24. For example, Plaintiff Alexander was often scheduled to work double-shifts *i.e.,* lunch and dinner in one day. On any day that Plaintiff Alexander was scheduled to work a double shift, Plaintiff Alexander arrived at about 10:30 a.m. and performed non-tipped work until the restaurant opened for lunch 12. After the lunch shift, which ended not later than 3:30 p.m., Plaintiff

Alexander performed non-tipped work until the restaurant opened for dinner at 5:00 p.m. Closing was at about 11:00 p.m. on those days.

25. When Plaintiff Alexander worked overtime, he was paid $17.10. However, even if Defendant had been allowed to pay Plaintiff Alexander the tip credit minimum wage, the correct overtime rate have been $17.50 under NY law.

26. For example, in the week ending 10/22/23, Plaintiff was paid for 43.50 hours, and the 3.50 overtime hours were paid at $17.10 per hour, instead of $17.50 per hour.

27. When Plaintiffs worked double-shifts, they lasted longer than 10 hours. However, Defendants did not pay Plaintiffs New York's "spread of hours" premium as required by New York law.

28. Defendant required Plaintiffs and all service employees to share tips with a sommelier named Sergio. Sergio was not allowed to share in Plaintiffs' tips because he had managerial authority. Specifically, he hired other sommeliers. In addition, Sergio often received tips for shifts during which he attended wine tastings and did not provide customer service.

29. Plaintiffs and all service employees were also required to share tips with Maitre D's/Captains named Laura and Branko. These individuals were also not allowed to share tips, as they were managers who played a role in interviewing/hiring employees and general management of the restaurant's day-to-day affairs.

30. Payday for Plaintiffs and other tipped employees was every Friday. Each payment was for the weekly pay period ending the Sunday before the payday.

31. However, Defendants did not distribute the cash tips for each pay period on the designated Friday payday. In fact, Defendants did not distribute tipped employees' cash tips until more than one week after the cash tips were earned.

32. For example, if a pay period ended on October 22, 2023, Defendants paid the hourly wages and credit card tips for that period on October 27, 2023. But the cash tips were not paid to tipped employees until November 3, 2023, more than 10 days after the pay period ended. This violated the requirement of New York Labor Law § 191 that manual workers be paid their wages in full every 7 days and the FLSA's prompt payment requirement.

33. Every time that Defendant failed to pay tipped employees their earned tips within seven days of the end of the workweek, Defendant deprived them of the use of money that belonged to them.

34. Defendant did not give Plaintiffs and other tipped employees notice and acknowledgement of pay rate forms upon the commencement of their employment. As a result, tipped employees were not aware that we were being paid according to the tip credit and/or what was the proper overtime rate. In addition, Plaintiffs were not notified that Friday would be their proper payday, and thus did not properly know that their cash tips were paid to them in an untimely manner.

35. Defendant committed the foregoing acts against Plaintiffs, the FLSA Collective Members, and the Class.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq*.)**
**(Brought by Plaintiff Alexander on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

36. Plaintiff Alexander realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37. Throughout the statute of limitations period covered by these claims, Plaintiff Alexander and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

38. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs at one and one half times the greater of their regular rate or the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though Plaintiff Alexander and the FLSA Collective Plaintiffs were entitled to overtime.

39. Plaintiff Alexander, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

40. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

41. At all relevant times, Defendant have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

42. At all relevant times, Defendant have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

43. Throughout the statute of limitations period covered by these claims, Defendant knowingly retained/misappropriated gratuities belonging to Plaintiffs and the FLSA Collective Plaintiffs.

44. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid gratuities, liquidated damages for misappropriated and late paid gratuities as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York State Minimum Wage Act, New York Labor Law § 650 et seq.;**
**N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-2.9)**
**(Brought By Plaintiff Alexander on Behalf of Himself and the Class)**

45. Plaintiff Alexander realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46. Defendant knowingly failed to pay Plaintiff Alexander and the Class members the full New York State minimum wage for all hours worked.

47. Defendant's failure to pay Plaintiff Alexander and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

48. As a result of Defendant's willful and unlawful conduct, Plaintiff Alexander and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.***
**N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-1.4, 146-2.9)**
**(Brought By Plaintiff Alexander on Behalf of Himself and the Class)**

49. Plaintiff Alexander realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

50. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

51. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff Alexander and the Class Members at the required overtime rate of one-and-one-half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

52. As a result of Defendants' willful and unlawful conduct, Plaintiff Alexander and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions, N.Y. Lab. L. §§ 650 *et seq.***
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

53. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

54. Plaintiffs and the Class Members regularly had workdays that lasted more than ten (10) hours.

55. Defendants willfully and intentionally failed to compensate Plaintiffa and Class Members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

56. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SIXTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

57. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

58. Defendant willfully diverted and/or retained portions of Plaintiffs' and Class Members' tips.

59. As a result of Defendant's willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

60. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

61. Defendant did not provide Plaintiffs and members of the Class with the notices required by N.Y. Lab. Law §§ 195(1) and 195(3).

62. As a result of Defendant's willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### EIGHTH CLAIM FOR RELIEF
**(New York State Late Payment of Wages Violations**
**New York Minimum Wage Act, N.Y. Stat. § 190 et seq.)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

128. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

129. At all relevant times, Defendant have been, and continue to be, an "employer" within the meaning of the NYLL, § 190, et seq. At all relevant times, Defendant have employed "employee[s]," including Plaintiffs and the Class Members.

130. Defendant did not pay Plaintiffs and the Class Members—who were manual laborers—all of their earned wages on a weekly basis.

131. By their aforesaid conduct, Defendant willfully violated the provisions of the NYLL regarding timely payment of wages, NYLL Art. 6 § 191, et seq.

132. Plaintiffs and the Class Members are thereby entitled to recover from Defendant, jointly and severally, liquidated damages in the amount of Plaintiffs' and the Class Members' respective untimely paid wages, as well as compensatory damages for bank fees paid by Plaintiffs and the Class Members, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
December 21, 2023

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

      I am an employee currently or formerly employed by Delmonico's and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

J'on L Alexander
_____
Full Legal Name (Print)

DocuSigned by:
[signature]
BD43E9FA59BD4D8...
_____
Signature

11/20/2023
_____
Date

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

  I am an employee currently or formerly employed by Delmonico's and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Juan Izquierdo
_____
Full Legal Name (Print)

*DocuSigned by:*
*Juan N6 Izquierdo O.*
07C73F13D5314E5...
_____
Signature

11/20/2023
_____
Date