UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J'ON ALEXANDER *and* JUAN IZQUIERDO, on behalf of themselves and others similarly situated,

                Plaintiffs,

– against –

DRG HOSPITALITY GROUP, INC. d/b/a DELMONICO'S,

                Defendant.

**OPINION & ORDER**

23-cv-11101 (ER)

RAMOS, D.J.:

        J'on Alexander and Juan Izquierdo brought this putative class action against DRG Hospitality Group, Inc., d/b/a Delmonico's on November 21, 2023. Doc. 1. They alleged violations of the Fair Labor Standards Act ("FLSA") and various provisions of the New York Labor Law ("NYLL"). *Id.* ¶¶ 9–14. Plaintiffs claimed that Delmonico's failed to pay proper compensation due to missapropriated tips and failed to provide proper wage and notice statements. *Id*. Additionally, Alexander claims that Delmonico's failed to pay him lawful minimum wage, overtime compensation, and spread of hours compenstaion. *Id.* Before the Court is the parties' motion for approval of their settlement agreement. Doc. 23. For the following reasons, the motion for settlement approval is DENIED.

**I.    LEGAL STANDARD**

        In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the

following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), cited with approval in *Cheeks*, 796 F.3d at 205–06.

## II.  DISCUSSION

### A.  Range of Recovery

The proposed settlement agreement provides a total recovery of $30,000.  Doc. 23 at 2.  Pursuant to the agreement, Plaintiffs' counsel will receive approximately one third of the total settlement amount, $10,333.32, in attorneys' fees and costs.  *Id.* at 3.  After attorneys' fees and costs, Plaintiffs will receive $19,666.68.  *Id.*

Plaintiffs' combined estimated maximum recovery is approximately $27,108.21.  *Id.*  Alexander estimates that his maximum recovery is approximately $16,709.42.  *Id.*  Specifically, he estimates that he is entitled to compensatory damages for unpaid tip credits, unpaid overtime compensation, unpaid spread of hours compensation, and misappropriated tips totaling $3,493.19; the same in liquidated damages; liquidated damages for late paid cash tips totaling $2,023.04; and $7,700 in penalties for wage statement and notice violations.  *Id.*

Izquierdo estimates that his maximum recovery is approximately $10,398.79. *Id*. Specifically, he estimates that he is entitled to compensatory damages for misappropriated tips totaling $1,167.86; the same in liquidated damages for misappropraited tips; liquidated damages for late paid cash tips totaling $1,413.07; and $6,650 in penalties for wage statement and notice violations. *Id*.

The Court finds that the proposed settlement amount is fair and reasonable. *See Khan v. Young Adult Institute, Inc.,* No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). There is value to Plaintiffs receiving a settlement without experiencing the risks and delays inherent in litigation. In addition, Plaintiffs' counsel notes that there were contested disputes that went to the heart of their claims, and that the Defendant would have sought to vacate the entry of default, which if successful, would have resulted in less than the maximum possible recovery, or no recovery at all. Docs. 23 at 2, 3. Plaintiffs believe that the settlement is reasonable considering these uncertainties. *Id.*

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.,* No. 19-cv-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). Considering the above-mentioned uncertainties and the risk of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Plaintiffs. *See Garcia v. Good for Life by 81, Inc.,* No. 17-cv-7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). And the settlement resulted from arm's length negotiations in which the parties were represented by experienced labor and employment attorneys. Doc. 23 at 3.

### B. Attorneys' Fees & Costs

The Court also finds that the proposed attorneys' fees and costs are reasonable. Plaintiffs' counsel will receive $10,333.32 in attorneys' fees and costs, which is approximately one third of the settlement. *Id.* at 3. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-cv-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Trust Company*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Plaintiffs' counsel has submitted billing records for two attorneys and a paralegal from the law firm of Joseph & Kirschenbaum LLP P.C: (1) Denise A. Schulman, a patner at the firm, who bills at a rate of $500 per hour, (2) D. Maimon Kirschenbaum, a named patner at the firm, who also bills at a rate of $500 per hour, and (3) Evelyn Velesaca, paralegal at the firm, who bills at a rate of $125 per hour. Docs. 23 at 4; 23-3. Multiplying the hourly rates with the total number of hours spent on this case, a total of 30 hours for Schulman and Kirschenbaum, and .8 hours for Velesaca, Plaintiffs' lodestar amount is $15,100. Doc. 23-3.

As to Schulman and Kirschenbaum, the Court finds that the hourly rate of $500 is reasonable. *See Redzepagic v. Hammer*, 14-CV-9808 (ER), 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May 8, 2017) (approving named partner's billing rate of $500.00 per hour); *see also Bin Gao v. Jian Song Shi*, No. 18-cv-2708 (ARR), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several 2021 decisions pursuant to *Cheeks v. Freeport Pancake House, Inc.*, approved hourly rates of $300 to $450 for partners).

4

Schulman and Kirschenbaum's hourly rate is commensurate with other similarly-experienced partners in the field.

Additionally, the Court concludes that the rate of $125 per hour for paralegal services is reasonable.  Doc. 23-3.  "Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict."  *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alteration in original) (citation omitted).

Plaintiffs' counsel seeks a total of $10,333.32 in attorneys' fees and costs, $9,570.98 of which represent attorneys' fees.  Doc. 23 at 3.  The lodestar of $15,100, compared to the requested $9,570.98 of the settlement (net of costs), results in a lodestar multiplier (net of costs) of approximately .634.  *See id*; Doc. 23-3.  Courts in this District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."  *Fujiwara v. Sushi Yasuda Limited.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014).  Accordingly, the Court finds that the $10,333.32 in attorneys' fees and costs is reasonable under the circumstances.

### C. Other Provisions

However, the Court finds that there is a provision of the settlement agreement that cannot be deemed to be fair and reasonable.  Specifically, the agreement includes an objectionable release.  *See* Doc. 66-1; *see also Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021) ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues").[1]

---

[1] The settlement agreement does not include a confidentialiatily provision and while it does include a mutual non-disparagement provision, Doc. 23-1 at 6, 7, that provision includes an approvable carve-out that allows the parties to discuss their experiences litigating this matter.

5

With respect to Izquierdo's obligations under the agreement, the release inappropriately discharges claims outside of Izquierdo's wage-and-hour allegations. Doc. 23-1 at 4. Sepcifically, the settlement agreement waives practically any possible claims against the Defendant "arising out of or relating to any matter of Plaintiffs' employment with Defendant up to the Effective Date of [the] agreement." Doc. 23-1 at 4. Courts typically reject such broad releases. The parties have a right to enter into a settlement that waives only claims relating to the existing suit. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) ("[T]he [c]ourt will not countenance employers using FLSA settlements to erase all liability whatsoever in exchange for partial payment of wages allegedly required by statute. A release as broad as that in the proposed [a]greement "confers an uncompensated, unevaluated, and unfair benefit on the employer" and is "inequitable and unfair.").

Accordingly, the Court finds that the proposed release provision is not fair and reasonable.

## III.   CONCLUSION

For the foregoing reasons, the parties' request for approval of the Agreement is DENIED without prejudice. The parties are therefore instructed to do one of the following by November 28, 2024:

1. File a revised letter and signed agreement releasing the Defendant of liability only from claims arising out of this action; or
2. Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated:   November 14, 2024
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.