UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J'ON ALEXANDER *and* JUAN IZQUIERDO, on behalf of themselves and others similarly situated,

                 Plaintiffs,

– against –

DRG HOSPITALITY GROUP, INC. d/b/a DELMONICO'S,

                 Defendant.

**ORDER**

23-cv-11101 (ER)

Ramos, D.J.:

      J'on Alexander and Juan Izquierdo brought this putative class action against DRG Hospitality Group, Inc., d/b/a Delmonico's on November 21, 2023. Doc. 1. They alleged violations of the Fair Labor Standards Act ("FLSA") and various provisions of the New York Labor Law ("NYLL"). *Id.* ¶¶ 9–14. Plaintiffs claimed that Delmonico's' failed to pay proper compensation due to missapropriated tips and failed to provide proper wage and notice statements. *Id*. Additionally, Alexander claims that Delmonico's failed to pay him lawful minimum wage, overtime compensation, and spread of hours compenstaion. *Id.* On October 10, 2024, the parties submitted their first application to the Court for approval of their settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015), Doc. 23. The Court denied the motion on November 14, 2024, finding that the release provision was objectionable. Docs. 26. All other provisions were found to be fair and reasonable. *Id.* The Court directed the parties to either stipulate to dismissal without prejudice, or file a revised agreement releasing Delmonico's of liability "only from claims arising out of this action." Doc. 26. Before the Court is the parties' revised motion for settlement approval. Doc. 29. For the following reasons, the motion is GRANTED.

I.  **LEGAL STANDARD**

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL").  *See Cheeks*, 796 F.3d at 200.  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases.  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), cited with approval in *Cheeks*, 796 F.3d at 205–06.

II.  **DISCUSSION**

  **Release**

The Court finds the revised settlement agreement to be fair and reasonable, as it includes no objectionable release.  *See* Doc. 29-1 at 1–7; *see also Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021).  With respect to Delmonico's' obligations under the agreement, the release appropriately discharges "all FLSA, NYLL or other applicable wage and hour law actions ... arising out

2

of Plaintiffs' employment by [Delmonico's] up to the and including the Effective Date and which were or could have been alleged in the Action." Doc. 29-1 at 4. *See Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC,* 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). Accordingly, the Court approves the parties' revised settlement agreement.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the revised settlement agreement comports with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and approves the agreement.

IT IS SO ORDERED.

Dated:   March 7, 2025
         New York, New York

                                                                 _____
                                                                 EDGARDO RAMOS, U.S.D.J.

3